Tucker, P.
I have struggled hard to sustain the •appellant’s claim to be heard in opposition to the decree by default,- but I do not think it can be done. The appellant cannot be entitled to relief after his gross neglect. The process was served upon him in June 1828; the bill being filed before the return day. The decree for account was not entered until October 1829; so that © . he had 15 months to file his answer. His counsel could not file one for him. But it is said, an answer was not necessary; a defence before the commissioner was all that was necessary. Admit it: but how was the counsel to make this defence, unassisted by his client, and unsustained by a single voucher? The sickness or death of mr. Mennis was not then the true cause of the appellant’s being undefended. Had he been in health, *119 and before the commissioner, he could have made no defence for him, since it is not pretended that he was furnished with information or vouchers. It would be going farther than we have ever gone if a rehearing were awarded to a party who has so grossly neglected his defence. I consider the case as analogous to injunctions to judgments at law, alleged to have been obtained by accident or surprise; and I am not of opinion that the practice of the court would, when most loose, have justified an interference in a case like this. Averse as I am to too much rigour in the application of the rule which denies relief to a party who has neglected his defence, we should fall, I think, into the opposite error, if we were to indulge a party who has utterly neglected his case for three years, having in the whole course of that time neither seen or communicated with counsel, nor supplied him with a voucher or an account. And although it may be true that he never heard of the notices to take the account or the deposition, yet as he knew of the existence of the suit, it was his duty, either to enquire as to its progress, or to take that newspaper which was likely to give information. The provision of the act which declares such notices valid and sufficient would be altogether nugatory, if parties were after-wards permitted to deny notice.
As to the form of this proceeding, I see no objection (see Sheldon v. Aland, 3 P. Wms. 110.) and still less to the principle of the cases of Erwin v. Vint, 6 Munf. 267. and Kemp v. Squire, 1 Ves. sen. 206. Those cases appear to me to sustain the true principles of equity, which relieves against accident and surprise, and is more solicitous to come at justice between the parties than to adhere to a harsh and rigorous rule, which in very many instances subserves the views of the sharper, rather than make a grain of allowance for omission or neglect. In this case I am consoled by the hope that this ample estate was sufficient to pay the legacy of the *120 testator’s daughter, and that the appellant is in no danger of ultimate loss. At least he will merit it, if it be incurred. I am of opinion to affirm the decree.